USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1406 DANIA R. KEISLING, Plaintiff, Appellee, v. SER-JOBS FOR PROGRESS, INC., ET AL., Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Breyer, Chief Judge, ___________ Boudin, Circuit Judge, _____________ and Pollak,* Senior District Judge. _____________________ ____________________ Paul L. Foster for appellants. ______________ Alicia Murphy with whom Rosemary Healey and Edwards & Angell were _____________ _______________ ________________ on brief for appellee. ____________________ March 29, 1994 ____________________ _____________________ * Of the Eastern District of Pennsylvania, sitting by designation. POLLAK, District Judge. This case involves a claim under the ______________ Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. sections 621 et seq. (1988), with a pendent claim under _______ sections 28-5-1 et seq. of the Rhode Island General Laws. The _______ plaintiff, Dania Keisling, claims that her firing by the corporate defendant, SER-Jobs for Progress, Inc. ("SER"), was the result of unlawful age discrimination on the part of SER and individual defendants Alma F. Green and Lois K. Turner. Finding liability both under ADEA and under state law, the jury (1) awarded Keisling $32,874 in compensatory damages against all three defendants, and (2) awarded Keisling $50,000 in exemplary damages against defendant Green and $25,000 in exemplary damages against defendant Turner. Memorandum and Order at 1 (D.R.I. Mar. 11, 1993). Appendix of Defendants- Appellants (hereinafter "A.") 121.1 SER, Green and Turner now appeal. Because we conclude that the district court erred ____________________ 1 Rhode Island law permits the award of "punitive damages" in cases of discrimination involving "reckless indifference" to the plaintiff's rights. See R.I. Gen. L. ___ 28-5-29.1. Keisling sought an additional award of $32,874 in "liquidated damages" pursuant to the ADEA, 29 U.S.C. 626(c). The district court denied this request, reasoning that because liquidated damages under the ADEA are punitive in nature, permitting Keisling both liquidated damages under federal law and punitive damages under state law would result in a double recovery for a single wrong. A. 121-23. -2- in excluding testimony proffered by the defendants, we reverse and remand for a new trial. I. FACTS The record developed at trial would support factual findings as follows: SER is a non-profit Rhode Island social service agency whose operations are primarily geared to Rhode Island's Hispanic population. Dania Keisling became an associate director of SER in 1984. From 1984 until mid-1989, Keisling's work was supervised by Carlos Pedro, SER's executive director. Keisling also had extensive dealings with Alma Green, who was the president of SER's board of directors. During this time period, Keisling received regular increases in pay, and as SER expanded its services Keisling's job responsibilities increased dramatically. Keisling did not receive formal evaluations of her performance; she testified, however, that "[m]any times" Green "said that I was always there and I was doing a real good job" and "that I was always actually running that agency." Transcript of Defendants-Appellants (hereinafter "T.") 45. -3- In July 1989, Pedro resigned as executive director, and SER began the chore of finding a replacement. Both Keisling and Lynn Trudell, SER's other associate director, applied to fill the vacancy. Keisling testified that after she applied for the position she had at least two conversations with Green in which Green made age-related comments. As recounted by Keisling, the comments were: Sure, you can run that agency but do you want to do that at your age? Sure, you can run this agency and you have done it but do you want to do that and do you want that aggravation at your age? T. 49. Two other witnesses, an independent bookkeeper employed by SER and the executive director of a sister agency, testified that Green made similar comments about Keisling to them during the time that SER was searching for a new executive director. T. 182, 218. In November 1989, SER hired Dr. Lois K. Turner as executive consultant to the Board of Directors, a position in which Turner functioned essentially as interim executive director, supervising the daily operation of the agency in consultation with Green. Among other duties, Dr. Turner was responsible for performing an extensive review of the functioning of SER and for assisting in the hiring of a new executive director. A. 164-65. In reviewing the operation of -4- the agency, Turner purportedly discovered some problems with Keisling's performance. On January 19, 1990, Turner met with Keisling and advised her of matters that had come to Turner's attention. Specifically, Turner told Keisling that staff members had complained that Keisling had yelled at them and had used profanity and obscene gestures. Turner also asserted that Keisling had failed to complete some of her tasks in a timely manner. T. 58-9. Turner memorialized the meeting with Keisling in a memorandum dated February 1, 1990 -- a memorandum that Keisling stated she received on February 9. The memorandum repeated the charges of inappropriate behavior, and also set forth a number of alleged deficiencies in Keisling's performance. In the memorandum, Turner gave Keisling a thirty-day probationary period, beginning February 1, in which to demonstrate appropriate professional behavior and to improve her performance. A. 133, 135. Keisling responded to the February 1 memorandum with memoranda of her own, one to the Board of Directors and one to her personnel file, in which she attempted to refute Turner's allegations. A. 136, 138. On March 2, at the conclusion of the probationary period, Turner and Green met with Keisling and informed her that her employment was to be terminated. They presented -5- Keisling with a memorandum, dated March 2, stating that Green and the Executive Committee of SER had endorsed Turner's decision to terminate Keisling's employment. A. 144. They also presented Keisling with a letter from Turner, also dated March 2, detailing additional instances of alleged inappropriate behavior and inadequate performance. A. 141. Keisling was given an opportunity to appeal her termination to the Board of Directors, which upheld the termination. At the time she was terminated, Keisling was over 40 years old. II. ANALYSIS From the jury's verdict in favor of plaintiff Keisling, the three defendants have appealed. Four grounds for appeal are advanced. Of these, it is only necessary to address two in detail.2 First, defendants claim that the district court erred in failing to grant their post-trial motion for judgment as a matter of law. Second, they argue that the district court committed prejudicial error in excluding testimony regarding age-related statements allegedly made by defendant Green and by Keisling herself. These arguments will be addressed in turn. A. Denial of Motion for Judgment as a Matter of Law ________________________________________________ ____________________ 2 The remaining two issues are discussed infra, note _____ 10. -6- Defendants argue that the district court erred in denying their motion for judgment as a matter of law. They claim that Keisling failed to introduce evidence at trial sufficient even to establish a prima facie case of ____________ discrimination, much less to carry her ultimate burden of proof. Defendants' argument suffers from two flaws. First, as Keisling points out, defendants failed to preserve their argument properly for appeal by failing to make a motion for judgment as a matter of law at the close of all evidence. Rule 50(a) of the Federal Rules of Civil Procedure permits a motion for judgment as a matter of law to be made "at any time before submission of the case to the jury." Defendants, in compliance with this rule, made a motion for judgment as a matter of law at the close of Keisling's case. T. 289. That motion, however, was insufficient to preserve the issue that defendants are now seeking to present on appeal. If a defendant wishes to renew a motion for judgment as a matter of law at the post-trial stage, with a view to having denial of that motion considered by the court of appeals, the defendant is required to have moved for judgment as a matter of law at -7- the close of all the evidence. Fed. R. Civ. P. 50(b).3 Requiring the motion to be made at the close of all the evidence gives the opposing party an opportunity to respond to any evidentiary deficiencies noted by the motion by seeking to reopen the evidence prior to submission of the case to the jury. See Fed. R. Civ. P. 50(a) advisory committee's note ___ (1991). This court therefore has held that it will not consider claims of insufficient evidence unless the district court was presented with a motion for judgment as a matter of law at the close of all the evidence. See Jusino v. Zayas, ___ _______________ 875 F.2d 986, 991 (1st Cir. 1989). At oral argument, defendants contended that the rule of Jusino should not apply in the present case. They claimed ______ that the comments of the district judge in denying defendants' motion at the close of plaintiff's case led them to believe that their motion was preserved for post-verdict consideration by both the district court and this court, and that their ____________________ 3 Rule 50(b) of the Federal Rules of Civil Procedure states: Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. -8- reasonable reliance on the district judge's comments removed the necessity for a renewed motion at the close of all the evidence.4 We are far from persuaded that the district judge's comments could reasonably have been taken as an assurance by the judge that defendants need not move for judgment as a matter of law at the close of all the evidence. However, assuming arguendo that defendants did not read too much into ________ the judge's comments, defendants' asserted reliance on those comments was, nonetheless, insufficient to obviate the need for conformity with the requirement that the adequacy of the ____________________ 4 The comments of the district judge on which defendants claim to have relied were as follows: First, after hearing argument on the defendants' motion, the court stated: That's a tough standard and I think applying that standard, I think, counsel for the plaintiff was correct in her assertions and I will deny your motion in that regard and of course note an exception for you. T. 309. Shortly thereafter, after a brief discussion of the standards for the imposition of punitive damages on a corporation, the court stated: Maybe we are not going to resolve this case until after the jury returns a verdict. If they return a verdict for the plaintiff, I can see where I'm going to have some very interesting post-trial briefs. If they return a verdict for the defendant, then the Appellate Court can worry about it from that point on. Appendix at T. 313. -9- plaintiff's case be challenged at the close of all the evidence. To be sure, the obligation to conform to the requirement is not absolute, but this court has emphasized that only very unusual circumstances will justify treating a motion at the close of the plaintiff's case as a surrogate for a motion at the close of all the evidence. Those circumstances -- which, we have said, constitute a "very narrow exception," Della Grotta v. Rhode Island, 781 F.2d _______________________________ 343, 350 (1st Cir. 1986), to the rule that the motion be renewed at the close of all the evidence -- are presented "in a case ... combining judicial assurance concerning preservation of rights at the time of the motion and ... brief and inconsequential evidence following the motion. . . ." Bayamon Thom McAn, Inc. v. Miranda, 409 F. 2d 968, 972 (1st ___________________________________ Cir. 1969); Beaumont v. Morgan, 427 F.2d 667, 670 (1st Cir. __________________ 1970). In the present case, whatever reliance the district court's statements may have induced, the evidence that defendants presented following the district court's ruling on their motion was undeniably substantial and relevant to the issues raised in the motion. If defendants believed, following the presentation of their case, that the totality of the evidence permitted only one conclusion, it was incumbent upon them to make that belief known to the court and to permit -10- Keisling an opportunity to respond prior to the submission of the case to the jury. Having failed to come within the "very narrow exception" of Della Grotta, Bayamon and Beaumont, ____________ _______ ________ defendants have waived the right to contend before this court that they are entitled to judgment as a matter of law. Second, even if defendants had preserved the right to present their argument to this court, they have failed to meet the stringent standards necessary for judgment as a matter of law. A court is without authority to set aside a jury verdict and direct the entry of a contrary verdict unless the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party. See Acevedo-Diaz v. Aponte, 1 ___ ______________________ F.3d 62, 66 (1st Cir. 1993). In determining whether this standard has been met, the court must examine the evidence in the light most favorable to the non-moving party; in addition, the non-moving party is entitled to "the benefit of all inferences which the evidence fairly supports, even though contrary inferences might reasonably be drawn." Cochrane v. ___________ Quattrocci, 949 F.2d 11, 12 n.1 (1st Cir. 1991) (quoting __________ Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. ____________________________________________________ 690, 696 (1962)), cert. denied, --- U.S. ---, 112 S. Ct. 2965 ____________ (1992). -11- Under the now-familiar standard first set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), __________________________________ and later adapted for cases under the ADEA, a plaintiff may establish a prima facie case by showing that (1) she was over ___________ 40 years of age, (2) she suffered an adverse job action, (3) her job responsibilities were assumed by another person, demonstrating the employer's continuing need for an individual of the plaintiff's skills, and (4) she was qualified for the position that she held and performing well enough to rule out the possibility that the adverse job action was for inadequate job performance.5 See Olivera v. Nestle Puerto Rico, Inc., ___ ____________________________________ 922 F.2d 43, 45 (1st Cir. 1990). Defendants concede that Keisling established the first two elements of the prima facie ___________ case, namely that she was over 40 years of age and that she was terminated by SER. They argue, however, that Keisling failed to introduce sufficient evidence to establish the final two elements of the prima facie case, and that they are ___________ therefore entitled to judgment as a matter of law. ____________________ 5 This court does not require a plaintiff under the ADEA to establish, as an element of her prima facie case, ___________ that she was replaced by an individual younger than herself, or by someone outside the protected class. See Hebert v. ___ _________ Mohawk Rubber Co., 872 F.2d 1104, 1110 n.10 (1st Cir. 1989). _________________ -12- Defendants argue that Keisling failed to establish the third element of the prima facie case, namely, that her ___________ job responsibilities were assumed by another. In making this argument, defendants note that SER did not hire a replacement for Keisling. This fact, however, is not determinative. Keisling presented evidence that Lynn Trudell, SER's other associate director, assumed Keisling's duties after Keisling's discharge. This evidence is sufficient to show, for the purpose of establishing a prima facie case, that SER had a ____________ "continued need for the same services and skills." Loeb v. _______ Textron, Inc., 600 F.2d 1003, 1013 (1st Cir. 1979); see also _____________ ________ Kale v. Combined Ins. Co. of America, 861 F.2d 746, 760 (1st _____________________________________ Cir. 1988). Keisling was not required to show that SER hired a replacement or specifically designated an existing employee as such. See Loeb, 600 F.2d at 1013 n.11. Defendants have ___ ____ failed to show that, viewing the evidence in a light most favorable to Keisling, no reasonable jury could conclude that Keisling established the third element of the prima facie ____________ case. Defendants also argue that Keisling failed to establish the fourth element of the prima facie case, namely, ___________ that her performance was sufficient to meet the legitimate expectations of SER. Defendants contend that the only -13- evidence Keisling offered of her acceptable job performance was her own assessment of her achievements and abilities. Defendants are correct that such evidence, standing alone, is insufficient to establish the fourth element of the prima _____ facie case; indeed, were evidence of this type sufficient, it _____ is a rare plaintiff who would fail to establish a prima facie ___________ case. Defendants fail, however, to take into account the entirety of Keisling's evidence. Keisling testified that while employed at SER, her responsibilities were increased substantially, she received positive feedback (e.g., from defendant Green) regarding her performance, and she received regular pay increases. Keisling also introduced a favorable letter of recommendation written by SER's former executive director, Carlos Pedro. It is true that this evidence does not extend fully to the time at which Keisling was discharged. The evidence does, however, support an inference that Keisling's job performance at the time of her discharge was adequate to meet SER's legitimate needs. Keisling thus succeeded in establishing the fourth element of the prima _____ facie case. _____ Defendants note that they introduced evidence that, at the time of her discharge, Keisling's job performance was inadequate. They argue that Keisling failed to overcome this -14- evidence, and that this failure amounted to a failure to establish a prima facie case. This argument fails to ____________ apprehend the burden-shifting structure of an ADEA case. Under McDonnell Douglas, the burden initially is on the __________________ plaintiff to establish all the elements of the prima facie ___________ case. Once the plaintiff has done so, the burden of production shifts to the defendants, and the defendants are required to present evidence of a legitimate reason for the adverse job action taken against the plaintiff, evidence that explodes the presumption of discrimination created by the prima facie case. If the defendants carry their burden of ___________ production, the plaintiff must respond to the defendant's evidence and demonstrate that the adverse action suffered by the plaintiff was indeed the product of illegal discrimination. See St. Mary's Honor Ctr. v. Hicks, --- U.S. ___ ______________________________ ---, 113 S. Ct. 2742, 2747 (1993). The shifting of the burden of production in an ADEA case does not always correspond neatly to the orderly presentation of evidence at trial. Thus, it is not unusual for a plaintiff to introduce in her case-in-chief evidence that, within the McDonnell Douglas _________________ framework, is best understood as responsive to evidence introduced by defendants to counter the prima facie case. The ___________ fact that a plaintiff introduces such evidence in her case-in- -15- chief, rather than waiting for the defendants to present their case, does not mean that anticipation and rebuttal of the defendants' case constitute an element of the prima facie ____________ case. To hold otherwise would belie the assertion of the Supreme Court that the burden of establishing a prima facie ___________ case is "not onerous." See Texas Dep't of Community Affairs ___ _________________________________ v. Burdine, 450 U.S. 248, 253 (1981); see also Mesnick v. ___________ ________ __________ General Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991); ___________________ Villanueva v. Wellesley College, 930 F.2d 124, 127 (1st Cir.), _______________________________ cert. denied, --- U.S. ---, 112 S. Ct. 181 (1991). ____________ Viewed in this manner, the proper question for defendants to ask is not whether Keisling has failed to establish a prima facie case, but rather whether Keisling has ___________ failed to carry the ultimate burden of persuasion upon consideration of all the evidence presented at trial. For the purposes of this appeal, we must conclude that Keisling succeeded in meeting her burden. Granted, the evidence of discrimination that Keisling presented was far from overwhelming. It is certainly conceivable that a reasonable jury, viewing all the evidence, could conclude that Keisling's discharge was a legitimate response to inappropriate on-the- job behavior, or even that her discharge, while unfair, was not the product of illegal age discrimination. It seems to -16- us, however, that a determination of the cause for Keisling's termination requires a weighing of the credibility of defendants' witnesses, who described Keisling's alleged inappropriate behavior, against that of Keisling, who denied that she ever behaved improperly. Such assessments are peculiarly within the province of the jury. An appellate court may not interpose a judgment different from that obtained at trial simply because it disagrees with the jury's credibility determinations. See Nydam v. Lennerton, 948 F.2d ___ __________________ 808, 810 (1st Cir. 1991). In sum, both because defendants' post-trial motion for judgment as a matter of law was procedurally defective and because it was, on the record made at trial, inapposite, we conclude that the district court did not err in denying the motion. B. Exclusion of Testimony Concerning Statements by ____________________________________________________ Plaintiff and Defendant Green _____________________________ During the presentation of defendants' case, defendants presented testimony by SER's former executive director, Carlos Pedro. In the course of Pedro's testimony, defendants' counsel questioned Pedro concerning statements made by both Keisling and defendant Alma Green. In particular, defendants' counsel sought to elicit from Pedro -17- statements by Keisling and Green to the effect that each respectively was getting too old to endure the travails of their jobs. Defendants' counsel posed the question in two forms, as follows: Q: During from [sic] the period of 1987 until 1989 when you were employed at the agency, did you have occasion, while in the presence of Alma Green or Dania Keisling, to hear conversation where the words to the effect were [sic] "I'm getting too old for this crap or too old for this stuff" were used? Q: In 1987 until 1989 when you left the agency, Mr. Pedro, did you ever hear conversation in the agency where reference to age was used? T. 514-15. Keisling's counsel objected to both questions as calling for hearsay responses, and the district court sustained the objections. Defendants now claim that the exclusion of the testimony was error warranting a new trial. We agree. Rule 801(c) of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In counsel's questions to Pedro, counsel plainly was attempting to elicit from Pedro testimony concerning statements made out of court; to that extent, the hearsay -18- rules were implicated.6 The alleged statements of Keisling and Green were not being offered to prove the truth of the matter asserted, however. Defendants did not ask Pedro about the statements in an attempt to prove that Keisling and Green were, indeed, too old for their jobs. Rather, in seeking to elicit Pedro's testimony as to statements by Green, defendants would have invited the jury to infer that this was a common form of speech for Green, one that she applied to herself as well as to others, and that when she directed similar comments at Keisling she did not do so with discriminatory animus. And if Pedro were to have testified that Keisling herself had made similar comments,7 that might have strengthened the inference ____________________ 6 Defendants' assertion that the questions did not call for a hearsay response because they simply required a "yes" or "no" answer is flawed. A party cannot evade the dictates of the hearsay rules simply by having an attorney, rather than the witness, present the alleged out-of-court statement and then asking the witness, "Is that what you heard?" To the extent that the questions posed called for Pedro to affirm or deny the content of an out-of-court statement, the questions fell within the purview of Rule 801. 7 Keisling contends that defendants did not argue to the district court that Keisling herself had made comments referring to her age, and that defendants therefore cannot present that argument to this court. Keisling's contention is plainly wrong. Not only does the initial question posed by defendants' counsel directly refer to statements by Keisling, but in the colloquy that followed the questions, defendant's counsel told the court, in response to the court's determination that the questions called for hearsay, -19- that Green's comments were devoid of animus. As defendants contend in their brief, such testimony could have provided a predicate for arguing "that whatever comments green [sic] and ___ Keisling may have made regarding being 'too old' for this job were not reflections of age 'animus' but rather indicative of frustration with a difficult job in a difficult economic environment." Appellants' Brief at 17. Because the statements were not offered to prove the truth of the matter asserted therein, they were not hearsay within the meaning of Rule 801(c).8 In addition to establishing that the proffered testimony was not hearsay, defendants must establish that they were prejudiced by the exclusion of the testimony. See ___ Fernandez v. Leonard, 963 F.2d 459, 465 (1st Cir. 1992). We ____________________ believe that they have done so. As we have said, Keisling's evidence of discrimination, while sufficient to withstand a ____________________ "[I]n the case that those statements are attributed to either a defendant or a plaintiff, I believe they are clearly admissible." T. 515-16. That argument may not have been a model of clarity, and it is true that counsel did not elaborate with respect to statements by Keisling. Counsel's presentation was, however, sufficient to preserve the argument made on this appeal. 8 Of course, from the standpoint of hearsay doctrine, an out of court statement by the plaintiff, when offered by the defendant, is not hearsay even if offered for the truth of the matter asserted. Fed. R. Evid. 801(d)(2)(A). -20- motion for judgment as a matter of law, was hardly overwhelming. The testimony proffered by defendants and erroneously excluded as hearsay is itself not powerful stuff. It is, however, relevant to the issue of whether defendants acted with discriminatory animus in discharging the plaintiff. The testimony was offered in an attempt to rebut the sole direct evidence of discriminatory animus that Keisling presented. In a close case, depending on the assessment of the testimony by the jury, that testimony might be enough to tip the balance.9 We therefore conclude that a new trial is warranted.10 ____________________ 9 Keisling argues that the testimony, even if admissible, was duplicative, because Green herself testified that she frequently made comments along the lines of "I'm getting too old for this crap." To the extent, however, that the testimony of Pedro might have (1) reinforced the credibility of Green's testimony, which was plainly in her self-interest, and (2) shown that Keisling herself made similar comments, the testimony would not have been simply duplicative. 10 Defendants raise two additional issues on appeal. First, they argue that the district court erred in excluding a document entitled "Since Original Warning," which purported to list 18 deficiencies in Keisling's performance following the original warning that Keisling received. Defendants argue that the document is admissible as a business record kept in the ordinary course of business that was considered by the SER Board of Directors in making the decision to terminate Keisling. The district court excluded the document. It concluded that the document represented cumulative evidence, because Turner herself testified at length concerning Keisling's deficiencies and the -21- III. CONCLUSION Having concluded that the trial in this matter was flawed due to the prejudicial exclusion of relevant testimony, we vacate the judgment entered by the district court and remand for a new trial. ____________________ presentation that Turner had made to the Board of Directors. In addition, while the court apparently did not rely on this point, the court noted that there was evidence that the document had been prepared after Keisling's termination. Since we have decided on other grounds that a new trial is warranted, we are not required to resolve the issue. Nonetheless, given that the issue is likely to recur in any new trial, we think it appropriate to note that, on the record before this court, it appears that the district court's decision to exclude the document did not represent an abuse of discretion. Second, defendants argue that they are entitled to a new trial because the jury's verdict was against the weight of the evidence. As we are ordering a new trial on other grounds, we find it unnecessary to address this issue. -22-