USCA1 Opinion

 

 July 6, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1025 SUNSHINE DEVELOPMENT, INC., Appellant, v. FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ____________________ Before Boudin and Lynch, Circuit Judges, ______________ and Schwarzer,* Senior District Judge. _____________________ _____________________ William E. Aivalikles, with whom Law Office of William _______________________ _______________________ Aivalikles was on brief for appellant. __________ Daniel H. Kurtenbach, Counsel, with whom Ann S. Duross, _____________________ ______________ Assistant General Counsel, and Richard J. Osterman, Jr., Senior _________________________ Counsel, Federal Deposit Insurance Corporation, were on brief for appellee. ____________________  ____________________ * Of the District of Northern California, sitting by designation. ____________________ SCHWARZER, District Judge. Sunshine Development, Inc. SCHWARZER, District Judge ______________ ("Sunshine") appeals from a judgment of the United States District Court for the District of New Hampshire which affirmed a judgment of the United States Bankruptcy Court for the District of New Hampshire. We have jurisdiction of the appeal under 28 U.S.C. 1291. We affirm largely for the reasons stated in the thoughtful opinion by the district court and add the following. This appeal grows out of two actions consolidated below. The first was filed by First Service Bank for Savings ("Bank") against Sunshine in the New Hampshire state court to collect loans made by the Bank to Sunshine and to obtain an attachment on property pledged by Sunshine as security for the loans. The second was filed by Sunshine in the district court against the Bank for breach of contract, breach of fiduciary duties, negligence, interference with contractual relations, conversion, and violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. 1961 et seq.). When the Federal _______ Deposit Insurance Corporation ("FDIC") was appointed liquidating agent for the Bank, it was substituted in both actions and removed the state court action to the district court. The district court had jurisdiction over the removed action under 12 U.S.C. 1819(b)(1) and (b)(2)(A) and 28 U.S.C. 1331 and 1345. It had jurisdiction over Sunshine's action under 18 U.S.C. 1964 and 28 U.S.C. 1331 and 1332. When Sunshine filed for protection under chapter 11 of the bankruptcy code, the district -2- court referred both actions to the bankruptcy court where they were consolidated. With the consent of the parties, a jury trial was held in the bankruptcy court in both actions. In the Bank s action against Sunshine to collect the amounts due under the loans, the jury ruled for Sunshine and awarded nothing. In Sunshine s action against the Bank, the jury awarded $2,000,000. On the FDIC s motion, the bankruptcy court, in a 21 page opinion, held that the jury's verdict in both cases was "manifestly against the clear weight of the evidence." (R. 11, 21, 30). It vacated the jury's verdict, dismissed Sunshine's complaint, entered judgment for FDIC in the amount of $2,727,856.12, and conditionally granted a new trial. (Id.) __ Sunshine appealed to the district court under 28 U.S.C. 158(a). In a sixteen page opinion, the district court affirmed the judgment of the bankruptcy court (R. 32, 47). The court acknowledged that its review of the bankruptcy court's order was plenary and that the reversal of the jury's verdict could not be sustained "unless the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." Keisling v. Ser-Jobs For Progress, Inc., 19 F.3d 755, 759-60 (1st ________ ___________________________ Cir. 1994) (R. 34). Examining the evidence "in the light most favorable to the non-moving party," (Id.), it reached the same __ conclusions as the bankruptcy court. -3- For the reasons stated by the District Court, our review too is plenary and we can sustain the judgment only if there is no evidence on the basis of which a reasonable jury could have found for Sunshine. We agree with the district court's analysis that the burden of establishing payment was on Sunshine and that it could not support a jury verdict merely by pointing to deficiencies in the Bank s records (R. 36-37). At oral argument, counsel was unable to point to any facts on the basis of which a jury could have found that an additional credit in the amount of $1,016,000, or any other amount, was due as claimed by Sunshine. As the court below cogently pointed out, to accept Sunshine s claim would require the jury to find both that the Bank's records were incorrect in showing the $1,016,000 as overfunding of another loan yet correct as reflecting a repayment by Sunshine of $1,016,000 (R. 38-39). No evidence was offered to support such a strained inference. With respect to Sunshine's claim against the Bank for breach of its duty of good faith and fair dealing, the uncontradicted evidence established that one of its loans had an overdue balance of over $500,000 and that the notes' cross- default clauses triggered defaults in all outstanding loans, justifying the attachment on the property put up as security and the acceleration of the notes (R. 42-43). And it further established that the Bank, in obtaining the attachment, had deemed itself to be insecure because a current appraisal showed the wholesale value of the security for the loans to be -4- substantially below the amount of Sunshine's outstanding debt and an FDIC examination report classified all of the loans as "substandard," "doubtful," or "loss." (R. 44). To refute this evidence reflecting that the Bank acted in a commercially reasonable manner, Sunshine argued that the appraiser s report showed the retail value of the Bank s security to be greater than the amount due on the loans, but it presented no evidence that the Bank s reliance on wholesale rather than retail value was unreasonable. It also pointed to a report prepared by a former Bank official months after the attachment was obtained indicating optimism that the Bank will be able to work out of these loans. But after-the-fact evidence does not establish the lack of good faith of the decisions at the time of the attachment and acceleration. Sunshine s evidence is not sufficient to permit a reasonable jury to conclude that the Bank acted unreasonably in deeming itself to be insecure and obtaining the attachment, and on appeal, counsel have pointed to no evidence that would support their claim. The judgment is AFFIRMED. AFFIRMED -5-