**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 23-1516

ARIELLE PHILIBOTTE,

Plaintiff, Appellant,

v.

BENJAMIN WILLIAM PALIZZA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. District Judge]

Before

Kayatta, Selya, and Rikelman,
Circuit Judges.

Ronald J. Resmini and Law Offices of Ronald J. Resmini, Ltd.
on brief for appellant.
Andrew J. Fay, Shalissa Ferguson, and Ryan Murphy on brief
for appellee.

April 17, 2024

**SELYA**, **Circuit Judge**.  In this appeal, plaintiff-appellant Arielle Philibotte (Philibotte) seeks to set aside an adverse jury verdict.  She also seeks to ward off a claim by defendant-appellee Benjamin William Palizza (Palizza) for fees and costs under Federal Rule of Appellate Procedure 38.  Concluding, as we do, that Philibotte loses on the first issue but prevails on the second, we affirm the judgment of the district court and deny Palizza's motion for appellate sanctions.

**I**

We briefly rehearse the relevant facts and travel of the case.  On June 15, 2020, Philibotte and Palizza were involved in a motor vehicle accident on a public highway in Seekonk, Massachusetts.  Thereafter, Philibotte filed suit in a Massachusetts state court, alleging that she sustained, inter alia, personal injuries, pain and suffering, lost wages, and loss of consortium as a result of Palizza's negligence.[1]  Citing the existence of diverse citizenship and the requisite amount in controversy, see 28 U.S.C. § 1332(a), Palizza removed the case to the United States District Court for the District of Massachusetts, see id. § 1441.

---

[1] Philibotte also named Schneider National Leasing, Inc. (Schneider) as a co-defendant.  At the close of the fourth day of the trial, the district court granted Schneider's motion for a directed verdict.  No appeal has been taken from that decision.

The case was set for a jury trial, and on April 24, 2023, a five-day trial commenced. The jury returned a take-nothing verdict, determining that Philibotte had failed to prove by a preponderance of the evidence that Palizza was negligent. Philibotte filed a motion for a new trial and/or judgment as a matter of law. She argued that the district court had committed an array of evidentiary and instructional errors. The district court denied the motion, stating that it was "entirely unsupported by the facts or the law" and was marked by "borderline frivolousness." This timely appeal ensued. In addition, Palizza moved for the imposition of attorneys' fees and costs. See Fed. R. App. P. 38.

**II**

We review the district court's denial of a motion for a new trial for abuse of discretion. See Blomquist v. Horned Dorset Primavera, Inc., 925 F.3d 541, 551 (1st Cir. 2019).[2] A district court may grant a new trial if "the verdict is against the weight

---

[2] Although Philibotte captions her appellate brief as an "Appeal From Motion For New Trial And Judgment As A Matter of Law," she has waived any right to appeal the district court's denial of her motion for judgment as a matter of law given her failure to move for judgment as a matter of law before the case was submitted to a jury. See Fed. R. Civ. P. 50(a)(2); see also Costa-Urena v. Segarra, 590 F.3d 18, 26 n.4 (1st Cir. 2009) ("It is well-established that arguments not made in a motion for judgment as a matter of law under Rule 50(a) cannot then be advanced in a renewed motion for judgment as a matter of law under Rule 50(b).").

of the evidence," Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009), or if "the action is required in order to prevent injustice," id. (quoting Kearns v. Keystone Shipping Co., 863 F.2d 177, 181 (1st Cir. 1988)). "[W]e owe much deference to the trial court's determination" and will "reverse only if we find that the trial court has abused its discretion in making its assessment of the weight of the evidence." Blomquist, 925 F.3d at 551 (quoting Correia v. Feeney, 620 F.3d 9, 11 (1st Cir. 2010)).

On appeal, Philibotte claims that there are seven grounds that entitle her to a new trial. Three relate to the district court's jury instructions, and the other four claims are evidentiary. We consider these claims in turn.

**A**

"The trial court's refusal to give a particular instruction constitutes reversible error only if the requested instruction was (1) correct as a matter of substantive law, (2) not substantially incorporated into the charge as rendered, and (3) integral to an important point in the case." Faigin v. Kelly, 184 F.3d 67, 87 (1st Cir. 1999) (quoting Elliott v. S.D. Warren Co., 134 F.3d 1, 6 (1st Cir. 1998)). "[T]he giving of an instruction is reversible error only if it (1) was misleading, unduly complicating, or incorrect as a matter of law, and (2) adversely affected the objecting party's substantial rights." Id. Philibotte argues that the district court committed three

- 4 -

reversible errors when it gave its jury instructions and, thereby, abused its discretion in denying her motion for a new trial. We disagree.

First, Philibotte contends that the district court committed reversible error when it instructed the jury that it must decide by a preponderance of the evidence if Palizza owed Philibotte a duty of care. This instruction was erroneous, Philibotte says, because the instruction indicated to the jury that it was responsible for determining the existence of a duty when in fact "it is well-settled" that the question of duty is a question of law reserved for the court.

Philibotte is correct that under Massachusetts negligence law the determination of duty is a question of law. See Jupin v. Kask, 849 N.E.2d 829, 835 (Mass. 2006) (confirming that "the existence of a duty is a question of law"). The district court's contrary instructions were, therefore, error. Yet, it is crystal clear that those instructions did not rise to the level of reversible error. After all, the crux of the case concerned whether Palizza breached the duty that he owed to Philibotte — not whether he owed a duty in the first place.[3] And the district court appropriately instructed the jury on this question. As the record reads, the district court told the jury the following:

_____

    [3] We note that Palizza never argued that he did not have a duty to exercise reasonable care in operating his vehicle.

- 5 -

The fact that a collision occurred does not mean that Mr. Palizza was negligent. You determine from all of the relevant circumstances surrounding the collision, including how it occurred, whether the Plaintiff proved by a preponderance of the evidence that Mr. Palizza was negligent, i.e. failed to use reasonable care in breach of a duty. If so, then you must answer YES to Question 1A on the verdict form. If no, then you must answer NO to Question 1A on the Verdict Form.

In sum, although the district court's jury instructions regarding duty were error, they did not "adversely affect[] the jury verdict." See Davignon v. Clemmey, 322 F.3d 1, 9 (1st Cir. 2003). They were for all intents and purposes, harmless error.[4]

Philibotte next contends that the district court committed reversible error when it refused to instruct the jury on the effect of Mass. Gen. Laws ch. 90, § 24(2)(a). This provision states that:

Whoever . . . without stopping and making known his name, residence and the register number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property . . . shall be punished by a fine of not less than twenty dollars nor more than two hundred dollars or by imprisonment for not

---

[4] Our conclusion is further supported by the district court's statements at the charge conference. There, in response to a similar concern raised by Philibotte, the district court stated that, although it is the case that duty is a question of law, the determination of the scope of the duty "bleeds, in some sense, . . . into a breach of duty." We interpret this statement as correctly identifying that the question of breach of duty is one left for the jury.

less than two weeks nor more than two years,
or both . . . .

According to Philibotte, by not letting the jury decide whether this statute required Palizza to exchange information with her immediately after the accident, the district court committed reversible error.

This is too much of a stretch. As the district court correctly noted, the statute does not oblige an individual involved in a car accident to exchange information immediately, let alone do so in a manner that would endanger themselves or others. Rather — and as the district court explained — it is permissible for such individuals to proceed to a nearby location "where they can reasonably and safely exchange information without endangering themselves, without creating a hazard, [and] without interfering with others." Given that the record discloses that this is in fact what Palizza and Philibotte did, we discern no error in the district court's refusal to instruct the jury that Mass. Gen. Laws ch. 90, § 24(2)(a) required Palizza to exchange information immediately with Philibotte following their accident.

Next, Philibotte contends that the district court committed reversible error by refusing to instruct the jury on Mass. Gen. Laws ch. 89, § 4A. This provision states, in part, as follows:

When any way has been divided into lanes, the driver of a vehicle shall so drive that the

vehicle shall be entirely within a single lane, and he shall not move from the lane in which he is driving until he has first ascertained if such movement can be made with safety.

In Philibotte's view, it is "unfathomable" that the accident could have occurred had Palizza not improperly moved out of his lane. And by not instructing the jury on the matter, she insists, the district court committed reversible error.

Philibotte sets the bar too high. After all, no evidence was offered at trial that Palizza had failed to maintain his lane. The district court thus did not err in refusing to instruct the jury as Philibotte had requested.

Inasmuch as the district court committed no reversible errors in its jury instructions, we hold that it did not abuse its discretion when it denied Philibotte's motion for a new trial premised on this ground.

**B**

So, too, we disagree with Philibotte's contention that the district court's evidentiary determinations warrant a new trial. We review these evidentiary rulings for abuse of discretion. See Torres-Arroyo v. Rullán, 436 F.3d 1, 7 (1st Cir. 2006).

Philibotte first argues that the district court abused its discretion when it excluded a number of hearsay statements. These statements, she avers, all fall within the excited utterance

- 8 -

hearsay exception and should have been admitted. An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). "We have explained that a statement may be admitted under Rule 803(2) if it meets three requirements: (1) the declarant must experience a startling event; (2) the statement must be made while the declarant is subject to the influence of that event; and (3) the statement must relate to that event." United States v. Irizarry-Sisco, 87 F.4th 38, 45 (1st Cir. 2023). Like other exceptions to the hearsay rule, an excited utterance must "bear indicia of reliability and trustworthiness." United States v. Barone, 114 F.3d 1284, 1292 (1st Cir. 1997).

Here, there is no sufficient basis for determining that the district court abused its discretion when it excluded the hearsay evidence that Philibotte proffered. All of the hearsay statements came from unidentified declarants and, as such, the district court was well within its discretion when it concluded that they lacked the requisite "indicia of reliability and trustworthiness." Id.

Nor did the district court abuse its discretion when it declined to allow a police officer to testify as to fault. Although both parties agree that the police officer would have been testifying as a lay witness, see Fed. R. Evid. 701, they

disagree as to whether the district court properly sustained Palizza's objections when Philibotte asked the officer whom he believed was responsible for the accident. Under Federal Rule of Evidence 701(b), a lay witness can offer testimony in the form of an opinion if it is "helpful to clearly understanding the witness's testimony or to determining a fact in issue." "The 'nub' of this 'helpfulness' requirement is 'to exclude testimony where the witness is no better suited than the jury to make the judgment at issue, providing assurance against the admission of opinions which would merely tell the jury what result to reach.'" United States v. Díaz-Arias, 717 F.3d 1, 12 (1st Cir. 2013) (quoting United States v. Meises, 645 F.3d 5, 16 (1st Cir. 2011)). Because the officer only spoke with Philibotte – and not with Palizza – we have little difficulty in determining that the officer was "no better suited than the jury to make the judgment at issue." Thus, his testimony as to fault was properly excluded.

Similarly, the district court did not abuse its discretion when it declined to find that the jury's verdict went against the weight of the evidence offered at trial. In contrast to Philibotte's claim that Palizza's expert testimony actually proved that Palizza moved his vehicle into her lane – and thereby breached the duty he owed to her – we view this testimony as confirming the propriety of the jury's verdict. A reasonable jury, we think, could have shared a similar view.

Finally, we find no abuse of discretion in the district court's preclusion of Philibotte from reading into the evidence portions of Palizza's deposition testimony. Philibotte argues that, because the parties' joint pretrial memorandum stipulated that depositions were to be entered into evidence as undisputed exhibits, she had the right to read portions of Palizza's deposition testimony into evidence. Yet, this argument fails to take into account the fact that the district court's order setting the case for trial explicitly stated that the parties had to list in the joint pretrial memorandum the witnesses whose testimony they intended to present. Given that Philibotte did not list Palizza as one of her witnesses, we hold that the district court acted within its discretion in precluding her from reading portions of his testimony into the evidence.

We, therefore, conclude that the district court did not abuse its discretion in ruling on these matters and, in turn, did not abuse its discretion in denying Philibotte's motion for a new trial.

## III

There is one loose end: we must address Palizza's motion for an award of sanctions against Philibotte for bringing what he considers to be a frivolous appeal. Under Federal Rule of Appellate Procedure 38, if we determine that "an appeal is frivolous, [we] may, after a separately filed motion . . . and

- 11 -

reasonable opportunity to respond, award just damages and single or double costs to the appellee." "In order to find that an appeal is frivolous, we need not find that it was brought in bad faith or that it was motivated by malice. Rather, it is enough that the appellants and their attorney should have been aware that the appeal had no chance of success." E.H. Ashley & Co. v. Wells Fargo Alarm Servs., 907 F.2d 1274, 1280 (1st Cir. 1990) (emphasis in original).

We agree with Palizza that Philibotte's appeal was weak. Still, we decline to impose sanctions against her. Even though we echo the district court's determination that Philibotte's post-trial motions were "borderline frivolous[]," we do not think that she had absolutely no chance of success. Her questioning of the district court's instructions regarding duty was the saving grace of her appeal. We therefore decline to impose appellate sanctions against Philibotte.

**IV**

We need go no further. For the reasons elucidated above, the judgment of the district court is **affirmed** and Palizza's motion for appellate sanctions is **denied**.

**So Ordered**.