Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 24-1122

LUIS FELICIANO-MUÑOZ; AIR AMERICA, INC.,

Plaintiffs, Appellants,

v.

FRED J. REBARBER-OCASIO,

Defendant, Appellee.

FRED J. REBARBER-OCASIO,

Plaintiff, Appellee,

v.

LUIS FELICIANO-MUÑOZ; CHRISTEL BENGOA; CONJUGAL PARTNERSHIP
FELICIANO-BENGOA,

Defendants, Appellants,

ABC INSURANCE COMPANY,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. John A. Woodcock, Jr.,* U.S. District Judge]

---

* Of the District of Maine, sitting by designation.

Before

Barron, <u>Chief Judge</u>,
Lipez and Thompson, <u>Circuit Judges</u>.

---

<u>José R. Olmo-Rodríguez</u>, for appellants.

<u>Carlos A. Mercado-Rivera</u>, with whom <u>Mercado Rivera Law Offices</u> was on brief, for appellee.

---

April 23, 2025

---

**BARRON, Chief Judge.** Luis Feliciano-Muñoz ("Feliciano"), Air America Inc., Christel Bengoa, and the Feliciano-Bengoa conjugal partnership appeal from a jury verdict in the United States District Court for the District of Puerto Rico. They ask us to grant a new trial, or, in the alternative, to order remittitur. We affirm the judgment below, substantially for the reasons set forth in the District Court's ruling on appellants' motion for a new trial. See Local Rule 27.0(c) (this court may summarily dispose of an appeal that does not raise a "substantial question").

## I.

In 2016, Feliciano and Air America Inc., a regional airline in Puerto Rico, brought Puerto Rico law claims against Fred Rebarber-Ocasio ("Rebarber") in connection with Rebarber's sale of the majority share of Air America to Feliciano. The suit alleged that Rebarber breached the agreement effectuating the airline's sale by misrepresenting the condition of airline equipment and by failing to pay for repairs for which he was responsible under the agreement's terms. In April 2018, while those claims were pending, Rebarber countersued Feliciano, his wife, Christel Bengoa, and the conjugal partnership, alleging that Feliciano had been grossly negligent in his management of Air America.

On July 1, 2022, at the end of a nine-day jury trial, the jury returned verdicts in Rebarber's favor on all the claims. The jury awarded $534,836 in damages to Rebarber for Feliciano's gross negligence. Bengoa and the conjugal partnership were held jointly liable for $141,400 of that amount.

Feliciano, Air America, Bengoa, and the conjugal partnership filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59. In their Rule 59 motion, they contended that the jury's verdicts were against the weight of the evidence, that the damages were excessive, and that the District Court had made various errors during trial. They asked the District Court to vacate the judgment in favor of Rebarber and to enter judgment in their favor, to hold a new trial, or, in the alternative, to order remittitur. The District Court denied the motion in a thorough opinion.

Feliciano, Air America, Bengoa, and the conjugal partnership appeal from the jury verdicts and the District Court's denial of their motion for a new trial. On appeal, they reprise many of the arguments they made in their Rule 59 motion and also argue that the District Court exhibited bias against Feliciano during the trial and in resolving their Rule 59 motion.

**II.**

A district court's denial of a motion for a new trial is reviewed for abuse of discretion. Blomquist v. Horned Dorset

- 4 -

Primavera, Inc., 925 F.3d 541, 551 (1st Cir. 2019). "On appeal, we owe much deference to the trial court's determination," Correia v. Feeney, 620 F.3d 9, 11 (1st Cir. 2010), and we review it "bearing in mind that [a court] 'may set aside a jury's verdict and order a new trial only if the verdict is so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice,'" Sailor Inc. F/V v. City of Rockland, 428 F.3d 348, 351 (1st Cir. 2005) (quoting Rivera Castillo v. Autokirey, Inc., 379 F.3d 4, 13 (1st Cir. 2004)). Where an appellant's motion for a new trial challenges the sufficiency of the evidence, this inquiry "merge[s]" with the standard of review for a court's denial of a motion for judgment as a matter of law. Blomquist, 925 F.3d at 551 n.15 (quoting Dimanche v. Mass. Bay Transp. Auth., 893 F.3d 1, 8 n.9 (1st Cir. 2018)).

We review the District Court's various trial management decisions for abuse of discretion, as the appellants urge us to do.

Lastly, a jury's damages award will be set aside on appeal only when "it is so excessive that the district court's refusal to order a new trial constitutes a manifest abuse of discretion." Wagenmann v. Adams, 829 F.2d 196, 215 (1st Cir. 1987) (quoting Joia v. Jo-Ja Serv. Corp., 817 F.2d 908, 918 (1st Cir. 1987)) (cleaned up). A court must "[v]iew[] the evidence in the light most favorable to the verdict" and may not disturb the jury's

assessment of the damages "unless it is 'grossly excessive, inordinate, shocking to the conscience of the court, or so high that it would be a denial of justice to permit it to stand.'" Smith v. Kmart Corp., 177 F.3d 19, 30 (1st Cir. 1999) (quoting Wagenmann, 829 F.2d at 215). This places a "heavy burden" on the party seeking to upset the award. Currier v. United Techs. Corp., 393 F.3d 246, 256 (1st Cir. 2004).

### III.

#### A.

We begin with the appellants' contention that the jury's verdicts on the breach-of-contract claim and the gross-negligence claim are against the weight of the evidence. We are not persuaded.

As to the jury's verdict on the breach-of-contract claim, the District Court rejected the appellants' assertion that "unchallenged evidence" demonstrated that the airline equipment repaired post-sale was the same equipment identified for repair pre-sale and that the jury verdict on the breach-of-contract claim was therefore against the weight of the evidence. The District Court supportably concluded that this "evidence was challenged" by Rebarber and thus that it "readily falls under the categories of 'conflicting testimony' and 'questions as to the credibility of a witness'" that are not grounds for granting a new trial. See Blomquist, 925 F.3d at 551. In so concluding, the District Court

explained that a "reasonable jury could have accepted [the] testimony" of Feliciano's witness but that, in the face of evidence offered to the contrary, "they were not required to do so." The appellants do not convincingly explain why the District Court was wrong to conclude that their evidence was not "unchallenged." As a result, we see no abuse of discretion in the District Court's determination that it would not override the jury's choice.

In addition, as to the breach-of-contract claim, the District Court supportably rejected the appellants' assertion that the jury's verdict was against the weight of the evidence because the evidence adduced at trial established that Rebarber had failed to disclose to Feliciano necessary information about the conditions of the aircraft prior to the airline's sale. After canvassing the trial evidence in detail, the District Court concluded that "a reasonable jury, based on trustworthy testimony presented at trial, could readily have found that Mr. Rebarber disclosed all necessary information to Mr. Feliciano, that Mr. Feliciano was aware of the conditions of the aircraft . . . and that the aircraft flew well at the time of the purchase and after the Agreement." Given what the record shows, the District Court did not abuse its discretion in so concluding.

As to the jury's verdict on Rebarber's gross-negligence claim, the District Court supportably determined that a reasonable jury, presented with Rebarber's evidence that Feliciano "never

held shareholder meetings, did not contact Rebarber to consult him, took a loan from a company other than a recognized financial institution, [and] paid for personal items with Air America's money," as well as evidence "that there were falsified records during Mr. Feliciano's leadership," could have concluded that Feliciano was grossly negligent in his management of Air America and that his gross negligence was "relevant to, if not the outright cause of [its] downfall" (internal quotation marks omitted).  We thus discern no abuse of discretion in the District Court's determination rejecting the appellants' contention that the verdict on this claim was against the weight of the evidence.

**B.**

The appellants next raise various challenges related to the District Court's asserted errors in managing the trial.  They assert that these errors so confused the jury that we must conclude that the jury returned unreasonable verdicts on both claims.  In particular, the appellants contend that the District Court abused its discretion by (1) allowing Rebarber to conduct an improperly broad re-cross-examination of Feliciano; (2) permitting Feliciano to be improperly impeached about a clerical error; (3) allowing the jury to be confused as to the correct legal standard for gross negligence; and (4) permitting highly prejudicial testimony about Feliciano's alleged falsification of records.

- 8 -

As to the first two contentions, based on our review of the record and the District Court's reasoning in rejecting those challenges, we conclude that the District Court did not abuse its discretion in its management of Feliciano's cross-examination. As to the third contention, we deem this claim waived, as the appellants advert to it only in a perfunctory manner. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Lastly, the appellants did not raise in their Rule 59 motion any objection to the assertedly prejudicial testimony regarding Feliciano's falsification of records that they now object to on appeal. "[L]egal theories not raised squarely in the lower court cannot be broached for the first time on appeal." Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 (1st Cir. 2004) (quoting Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992); see also Neufville v. Coyne-Fague, No. 21-1158, 2021 WL 3730224, at *1 (1st Cir. June 2, 2021) (explaining that a Rule 59 motion affords a party an opportunity to preserve claims for appeal). We therefore deem this challenge waived as well.

## C.

The appellants also challenge the jury's damages award. They first contend that it amounts to "double compensation" because the damages awarded include both the stock value of Rebarber's Air America shares as well as an additional sum for the company's

"goodwill value." The appellants argue in the alternative, but for related reasons, that remittitur is warranted because the award "exceeds any rational assessment or estimation of damages supported by the evidence presented." This is so, they contend, because Rebarber could not have been awarded more than the "market value of [his Air America] stock" and because the evidence presented at trial demonstrated that the company's assets were overvalued.

The District Court rejected the appellants' objections to the jury's award, emphasizing that "[t]he standard of review of damages awards places an enormous burden on the party challenging the award," and concluding, based on its review of the evidence presented at trial, that the jury's award had "a 'substantial basis in the evidence'" (first quoting Velazquez v. Figueroa-Gomez, 996 F.2d 425, 428 (1st Cir. 1993); and then quoting Tejada-Bautista v. Fuentes Agostini, 258 F. Supp. 2d 18, 22 (D.P.R. 2003)). It also noted that Feliciano had "point[ed] the Court to no precedent" supporting its position that the damages could not exceed the market value of the stock.

On appeal, the appellants likewise point to no caselaw to support their contention that the damages awarded cannot exceed the value of the stock or, relatedly, that awarding damages for "both the stock value and an additional sum for goodwill constitutes double compensation, amounting to unjust enrichment."

- 10 -

The appellants also do not refer to any part of the record to support their claim that the value of the stock at issue could not have exceeded $325,000. Yet, "[i]t is well settled in this circuit that 'issues adverted to on appeal in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned.' We will not attempt to supply an argument the appellant has not articulated." Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 19-20 (1st Cir. 2009) (quoting Vallejo Piedrahita v. Mukasey, 524 F.3d 142, 144 (1st Cir. 2008)). The appellants therefore have not met their "heavy burden" to show that the relief they request is warranted. Currier, 393 F.3d at 256 (quoting Koster v. TWA, 181 F.3d 24, 34 (1st Cir. 1999)).

**D.**

There remains to address the appellants' argument that the District Court demonstrated bias against Feliciano during trial and in its resolution of the appellants' Rule 59 motion. As evidence of bias, they point to (1) what they contend are unfounded statements by the District Court in front of the jury that Feliciano changed his testimony and provided prior inconsistent statements; (2) the District Court's discussion of Feliciano's and Rebarber's "biographical data" in its resolution of the Rule 59 motion; and (3) references in the District Court's opinion to Feliciano's "obstinacy, blame-shifting, and obfuscation." The appellants assert that these statements either prejudiced the jury

or otherwise demonstrate the District Court's partiality and "inclination to favor" Rebarber over Feliciano, "infect[ing] the entire trial process, so as to require reversal."

We need not linger on this claim because we disagree with the appellants' characterization of the District Court's statements, none of which leave us with an "abiding impression" of bias, United States v. Espinal-Almeida, 699 F.3d 588, 607 (1st Cir. 2012) (quoting United States v. de la Cruz-Paulino, 61 F.3d 986, 997 (1st Cir. 1995)), or otherwise provide any factual basis to doubt the District Court's impartiality, see Blizard v. Frechette, 601 F.2d 1217, 1220 (1st Cir. 1979). The statements made during trial were not unfounded and, moreover, were germane to the District Court's resolution of an evidentiary objection. The District Court's discussion of the parties' "biographical data" in its denial of the Rule 59 motion also showed no partiality to either party and was grounded in the trial evidence. As the District Court also explained, background context concerning the parties' relevant business experience and work in the aviation industry could have been relevant to the jury's analysis of the parties' claims. For similar reasons, we also see no evidence of bias in the District Court's characterization of Feliciano's trial testimony, which the District Court determined could have been relevant to the jury's assessment of Feliciano's credibility. We

thus decline to hold that the appellants are entitled to a new trial on the basis of their assertions of bias.

## IV.

The judgment of the District Court is **affirmed**.